JOHN R. COGORNO, SBN 63966
Attorney at Law
14121 Beach Boulevard
Westminster, California 92683
Tel. 714.892.2936 / Fax. 714.892.5806
Email: cogorno@msn.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA DARBY | Case No: 8:21-cv-842 |
| Plaintiff | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | 1. **Violation of Civil Rights 42 U.S.C. § 1983** (Fourth Amendment Rights - Unlawful and Unreasonable Excessive Use of Force) |
| CITY OF TUSTIN; TUSTIN POLICE DEPARTMENT; TUSTIN POLICE SERGEANT N. NGUYEN #1123; TUSTIN POLICE OFFICER A. RAMIREZ #1259; TUSTIN POLICE OFFICER CAIZA #1343; and DOES 1 through 10, Inclusive, | 2. **Violation of Civil Rights 42 U.S.C. § 1983** (Fourth Amendment Rights-Unlawful Seizure of Person) |
| Defendants | 3. **Violation of Civil Rights 42 U.S.C. § 1983** (Unconstitutional Municipal Customs, Policies and Practices) |
| | 4. **Assault and Battery** (Under California State Law) |
| | 5. **False Arrest/False Imprisonment** (Under California State Law) |
| | 6. **Negligence** (Under California State Law) |
| | 7. **Negligent Infliction of Emotional Distress** (Under California State Law) |
| | 8. **Intentional Infliction of Emotional Distress** (Under California State Law) |

– 1 –

**Complaint for Damages**

Plaintiff MELISSA DARBY  hereby brings this civil rights action against the CITY OF TUSTIN; TUSTIN POLICE DEPARTMENT; TUSTIN POLICE SERGEANT N. NGUYEN #1123; TUSTIN POLICE OFFICER A. RAMIREZ #1259;  TUSTIN POLICE OFFICER CAIZA #1343; and DOES 1 through 10, Inclusive.  Except as to allegations that pertain to themselves and their counsel, Plaintiff alleges the following on information and belief:

**INTRODUCTION AND OVERVIEW OF THE ACTION**

1.      Plaintiff MELISSA DARBY brings this action for money damages pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth Fifth and Fourteenth Amendments of the United States Constitution against Defendants CITY OF TUSTIN and the TUSTIN POLICE DEPARTMENT (collectively the "Municipal Defendants"), TUSTIN POLICE SERGEANT N. NGUYEN #1123; TUSTIN POLICE OFFICER A. RAMIREZ #1259; TUSTIN POLICE OFFICER CAIZA #1343; and DOES 1 through 10, Inclusive (collectively the "Defendant Officers").

2.      It is herein alleged that the actions of Defendant Officers, and each of them, including DOES 1 through 10, inclusive,  and/or other unknown officers, deputies or individuals employed by the Municipal Defendants, violated Plaintiff's  civil rights and caused injuries to his person when they used unlawful, unreasonable and unconstitutional use of excessive force, unlawful seizure and detention, false arrest, and negligent and intentional infliction of emotional distress and trespass..

3.      The actions of Defendant Officers and each of them, with their application of unlawful, unreasonable and unconstitutional us of excessive force was a knowing and willful act that terminated Plaintiff's freedom of movement.  This excessive force and/or show of authority terminated and restrained Plaintiff's freedom of movement through the means intentionally applied which amounted to an unconstitutional seizure of Plaintiff, along with interfering with the personal liberty of Plaintiff, without legal cause or excuse violating her rights under the Fourth, Fifth  and Fourteenth Amendments to the United States Constitution.

4.      As alleged more fully below, the Municipal Defendants caused Plaintiff's injuries through their policies, practices and/or customs and failure to properly train, and by ratifying the Defendant Officers' abuse of police power and use of excessive force. The Municipal Defendants knew their Officers  routinely abused their police power and used unreasonable and excessive force.  Yet, they not only failed to take the action necessary to prevent reoccurrence of these violations, the Municipal Defendants made such violations foreseeable by condoning their Police Officers' abuse of power and unreasonable and excessive force.  Through these acts and omissions, the Municipal Defendants proximately caused Plaintiff's injuries.

5.      The Defendant Officers tried to justify their abuse by arresting Plaintiff MELISSA DARBY, for resisting, delaying and obstructing a police officer, a misdemeanor, in violation of Penal Code Section 148(a)(1), among others alleged.

**JURISDICTION AND VENUE**

6.      This Court has "federal question" jurisdiction over this  action, applicable to the states under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.  This is a civil rights action pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and under the California Constitution, Article 1, Section 7(a), 13, 15 and 17. Jurisdiction in this Court is therefore proper under 28 U.S.C. §§ 1331, 1388(a) and 1338(b).

7.      This Court has jurisdiction under 28 U.S.C. § 1343(a)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983.  The Court has supplemental jurisdiction for Plaintiff's  state law claims pursuant to 28 U.S.C §1367(a).

8.      The acts and omissions complained of occurred in the City of Tustin, County of Orange, State of California.  Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. §1391.

# PARTIES:

**PLAINTIFF**

9.     Plaintiff MELISSA DARBY (hereinafter "DARBY")  is and at all times herein mentioned was a citizen within the jurisdiction of the United States, lawfully residing in the State of California, County of Orange, within the Central District of California of the United States District Court.

**DEFENDANTS**

10.     Defendant CITY OF TUSTIN (hereinafter "CITY") is and was at all times herein mentioned, a public entity/municipal corporation  duly organized and existing under and by virtue of the laws of the State of California and is the public employer of the Police Officers named herein as Defendant Officers in this action..

11.     Defendant TUSTIN POLICE DEPARTMENT (hereinafter "TUSTIN P.D.") is and was at all times herein mentioned, is a public entity, duly organized and existing under  California Government Code Section 811.2, organized and existing under the laws of the State of California, and are the public employers of the Police Officers named herein as Defendant Officers in this action.  Said Defendant can be sued separately under *Shaw v. State of California Department of Alcoholic  Beverage Control* 788 F.2d 600 605 (9th Cir. 1986; *Doggett v. United States* 858 F.2d 555, 561 (9th Cir. 1988); *Streit v. County of Los Angeles* 236 F.3d 552, 557-558 (9th Cir. 2001).

12.     Defendant TUSTIN POLICE SERGEANT N. NGUYEN #1123 (hereinafter "NGUYEN"), was at all relevant times, a sworn law enforcement officer employed by Defendant TUSTIN P.D. Defendant NGUYEN acted within the scope of her employment as a Sergeant, and was responsible for, among other things, implementation of the customs, policies, practices and/or procedures and was acting under color of state law as an employee, agent, and representative of Defendants CITY and TUSTIN P.D. Defendant NGUYEN  oversaw the supervision, discipline, training and hiring of employees as may be necessary to implement the provisions of the law, and/or for the oversight of improper conduct of employees. Defendant NGUYEN participated in the

**Complaint for Damages**

1  planning, supervision and execution of the conduct complained of herein and was an

2  active participant in, or alternatively, a by-standing official who willingly failed to

3  intervene to protect Plaintiff from the violations alleged herein. Plaintiff sues Defendant

4  NGUYEN in her individual and official capacity.

5      13.    Defendant  TUSTIN POLICE OFFICER A. RAMIREZ #1259 (hereinafter

6  "RAMIREZ"), was at all relevant times, a sworn law enforcement officer employed by

7  Defendant TUSTIN P.D..  Defendant RAMIREZ acted within the scope of his

8  employment as a Police Officer and was responsible for, among other things,

9  implementation of the customs, policies, practices and/or procedures and was acting

10  under color of state law as an employee, agent, and representative of Defendants CITY

11  and TUSTIN P.D.  Defendant RAMIREZ participated in the planning, supervision and

12  execution of the police conduct complained of herein and was an active participant in, or

13  alternatively, a by-standing official who willingly failed to intervene to protect Plaintiff

14  from the violations alleged herein. Plaintiff sues Defendant RAMIREZ in his individual

15  and official capacity.

16      14.    Defendant TUSTIN POLICE OFFICER CAIZA #1343 (hereinafter

17  "CAIZA"), was at all relevant times, a sworn law enforcement officer employed by

18  Defendant TUSTIN P.D.. Defendant CAIZA acted within the scope of her employment as

19  a Police Officer and was responsible for, among other things, implementation of the

20  customs, policies, practices and/or procedures and was acting under color of state law as

21  an employee, agent, and representative of Defendants CITY and TUSTIN P.D..

22  Defendant CAIZA participated in the planning, supervision and execution of the police

23  conduct complained of herein and was an active participant in, or alternatively, a

24  by-standing official who willingly failed to intervene to protect Plaintiff from the

25  violations alleged herein. Plaintiff sues Defendant CAIZA in her individual and official

26  capacity.

27      15.    Plaintiff is ignorant of the true names and/or capacities of Defendants sued

28  herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such

1   fictitious names. Plaintiff is informed and believes and thereon alleges that each of the
2   fictitiously named Defendants is legally responsible in some manner for the occurrences
3   herein alleged, and that Plaintiff's losses as herein alleged were proximately caused by
4   such acts of the Defendants and each of them.  Plaintiff will seek leave to amend this
5   Complaint to allege said Defendants' true names and capacities when ascertained

6         16.    Plaintiff is informed and believes and therefore alleges that DOES 1
7   through 10, inclusive, are legally responsible and liable for acts and/or omissions causing
8   claimed injuries and damages hereinafter set forth, and that each of said Defendants
9   proximately caused said injuries and damages by reason of their negligence, breach of
10  duty, negligent supervision, management or control, violation of constitutional and legal
11  rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of
12  duty, whether severally or jointly, or whether based upon agency, employment, or control
13  or upon any other act or omission.

14        17.    Defendants and each of them, including DOES 1 through 10, inclusive,
15  caused and is responsible for the below-described unlawful conduct and resulting injuries
16  by, among other things, personally participating in the unlawful conduct or acting jointly
17  or conspiring with others who did so, by authorizing, acquiescing in or setting in motion
18  policies, plans or actions that led to the unlawful conduct, by failing to take action to
19  prevent the unlawful conduct; by failing and refusing, with deliberate indifference to
20  Plaintiff's rights, to initiate and maintain adequate training and supervision; and by
21  ratifying the unlawful conduct that occurred by agents and officers under their direction
22  and control, including failing to take remedial or disciplinary action.

23        18.    In doing the acts alleged herein, Defendants and each of them, including
24  DOES 1 through 10, inclusive, acted within the course and scope of their employment for
25  the CITY and TUSTIN P.D..

26        19.    In doing the acts and/or omissions alleged herein, Defendants and each of
27  them, including DOES 1 through 10, inclusive, acted under color of authority and/or color
28  of law.

1

2          20.     As alleged more fully below, the Defendants CITY and the TUSTIN P.D.

3  caused Plaintiff's injuries through their policies, practices and/or customs that ratify

4  TUSTIN P.D. Officers' abuse of police power and use of unreasonable and excessive

5  force.  The Defendants CITY and TUSTIN P.D. knew their Officers, routinely abuse their

6  police power and use unreasonable and excessive force.  Yet, the Defendants CITY and

7  TUSTIN P.D. not only failed to take the action necessary to prevent reoccurrence of these

8  violations, they made such violations foreseeable by condoning their Officers' abuse of

9  power and use of unreasonable and excessive force. Through these acts and omissions,

10  the Defendants CITY and TUSTIN P.D. proximately caused the injuries and damages

11  sustained to Plaintiff.

12          21.     In addition, Defendants CITY and TUSTIN P.D. are liable for Plaintiff's

13  injuries in this action, because it created a *de facto* policy of its sworn peace officers: 1)

14  using unreasonable and excessive force on persons; 2) unlawfully seizing persons; 3)

15  framing persons for crimes that they did not commit (to protect themselves from civil

16  and/or criminal liability) and; 4) covering-up misconduct by sworn law enforcement

17  officers against private persons.

18          22.     Among other things alleged herein, the actions of the Defendants each of

19  them, violated clearly established Federal and State constitutional rights of Plaintiff.

20  Plaintiff has the Constitutional right to be free from interference under the Fourth, Fifth,

21  and Fourteenth Amendment Constitutional Rights guaranteed under the Constitution of

22  the United States of America some of which are as follows:

23          (a)  The right to be free from warrantless arrest, search and seizure of person;

24          (b) The right to be free from detention, arrest, search, and seizure of person

25  without probable cause;

26          (c)  The right to be free from unreasonable search and seizure of person;

27          (d)  The right to be free from false arrest and/or imprisonment of person;

28          (e)  The right to be free from unjustified, unreasonable, unnecessary, and/or

**Complaint for Damages**

1    excessive force against person while being detained and/or arrested;

2         (f)  The right to be free from unjustified and/or unreasonable denial of due process

3    of law;

4         (g)  The right to be free from being deprived of liberty, freedom, and privacy

5    without due process of law;

6         (h)  The right to be free from injury and damages as a result of being detained and

7    arrested;

8         (I)  The right to be free from restraint of freedom and liberty;

9         (j)  The right to be free from summary punishment;

10        23.    In addition to the above and foregoing, Defendants and each of them,

11   including DOES 1 through 10, inclusive, acted pursuant to a conspiracy, agreement and

12   understanding and common plan and scheme, to deprive Plaintiff of her constitutional

13   rights as described below, and acted in joint and concerted action to so deprive Plaintiff

14   of her  constitutional rights as set forth below, all in violation of the United States

15   Constitution and 42 U.S.C. § 1983, and otherwise in violation of California state law.

16   Said conspiracy/agreement/ understanding/plan/scheme/joint action/concerted action,

17   above-referenced, was the cause of the violation of Plaintiff's constitutional rights and

18   damages emanating therefrom, as set forth below.

19        24.    At all times hereinafter alleged, the Defendants CITY and TUSTIN P.D.

20   employed Defendants NGUYEN,  RAMIREZ, CAIZA and/or DOES 1 through 10,

21   inclusive. Defendants CITY and TUSTIN P.D. provided Defendant Officers with official

22   badges, identification cards, uniforms and marked TUSTIN P.D. patrol units that

23   described them as employees of the TUSTIN P.D. and that designated them as having the

24   full authority of sworn law enforcement officers.

25        25.    At all material times, the Defendant Officers  acted under color and

26   pretense of law, acted in concert with one another and acted under color of the statutes,

27   regulations, ordinances, customs, policies, processes and usages of Defendants CITY and

28   TUSTIN P.D..  The Defendant Officers, separately and in concert, deprived Plaintiff the

– 8 –

**Complaint for Damages**

1

2  privileges, rights and immunities secured to him by the Fourth, Fifth and Fourteenth

3  Amendments to the United States Constitution and the laws of the United States.

4  ### **FACTUAL ALLEGATIONS**

5          26.     On the date of the incident, Sunday May 3, 2020, Plaintiff and her fiancé

6  resided in the City of Tustin, County of Orange, State of California. The two were

7  engaged to be married.  Plaintiff and her fiancé moved into said address in October, 2019,

8  from a previous residence that they shared in the City of Tustin, California.  When the

9  Covid 19 pandemic began in 2020, Plaintiff was asked to work remotely out of her home

10 because she resided with her fiancé who is a first responder employed as a City of Irvine

11 police officer. Plaintiff is government employee working on secure government systems,

12 so during that time she was able to work through her computer. Plaintiff's fiancé had

13 three children from his prior marriage who were living with him on a part time basis

14 because of shared custody. The children left to go to their mother's house on Thursday

15 evening, April 30, 2020. The Irvine Police Department reduced their staff level to the

16 minimum during the beginning of the Covid-19 pandemic to decrease the odds of

17 exposing their officers.  This meant some weeks Plaintiff's fiancé would work one or two

18 days a week, or sometimes not at all.  This particular weekend Plaintiff's fiancé was

19 scheduled to work on Sunday, May 3, 2020, at 1:00 p.m. With the "stay at home" orders

20 of the pandemic, it seemed to cause too much togetherness, a lack of personal space and

21 the inability to do normal activities, thus causing some irritability between the both of

22 them.

23         27.     On Friday morning, May 1, 2020, Plaintiff and her fiancé were involved in

24 a petty dispute, which continued for the rest of that day. They kept to themselves

25 respecting their personal space. On Saturday, May 2, 2020, the petty dispute started again

26 over the same thing and Plaintiff called her  aunt to ask if it would be alright if she could

27 stay with her. Plaintiff's aunt agreed to let Plaintiff stay with her. It became clear to

28 Plaintiff that their relationship was not going to work out. Plaintiff started packing her

**Complaint for Damages**

personal things and disassembled her two small portable shoe holders in order to place them in a small carrying bag. They are two light metal racks with two shelves each.  It became apparent that Plaintiff was not going to be able to pack up all of her personal belongings in one day, so Plaintiff stopped packing for the day and went to bed in a separate room from her fiancé.

28.    On Sunday morning, May 3, 2020, which was the date of the incident,  the two of them began bickering at each other again.  Plaintiff decided that she was going to leave and come back later, once her fiancé left the residence to go to work.  The two of them lived in a tri-level townhouse where all the bedrooms were located on the third floor. When Plaintiff walked out of the master bedroom, her fiancé followed her downstairs and into the garage. Plaintiff got into her vehicle and pressed the button to open the garage door. At that point her fiancé, who was yelling at her, apparently pressed the wall button to close the garage door. Plaintiff was not aware that he had pressed the button to close the garage door and she started backing her vehicle out and  bumped the garage door knocking it off the track. There was no apparent damage to Plaintiff's vehicle or the garage door. At this point, because the garage door was off the tracks, Plaintiff was trapped and unable to back out.  Plaintiff  exited her vehicle and retreated back upstairs to the third-floor master bedroom with her fiancé following behind her and still yelling. Plaintiff entered the master  bathroom were there was a very small lightweight wicker waste basket on the floor by Plaintiff's feet.  Plaintiff kicked it out of her way when entering the room and her fiancé continued to follow right behind her. At this point, Plaintiff's fiancé slapped her so hard that he broke the frames on her eyeglasses and then proceeded to pinch Plaintiff very hard under Plaintiff's arm and elsewhere. Plaintiff attempted to get away from being pinched, by flaying her arms in response to the assault. At that point her fiancé left the residence on foot leaving his car parked in the garage.

29.    On May 3, 2020, at approximately 9:45 a.m., there was a knock at the front door. Plaintiff answered the door casually dressed and barefoot, and was confronted by three (3) Tustin P.D. police officers, Defendant Officer A. RAMIREZ #1259, Defendant

-10-

**Complaint for Damages**

Sergeant N. NGUYEN #1123 and Defendant Officer CAIZA #1343. Plaintiff's service dog stepped out on the front porch, wanting to greet said Defendant officers, but the dog was immediately put back inside by the Plaintiff. Near the front door and within the curtilage of Plaintiff's residence, said Defendant Officer RAMIREZ  informed Plaintiff that they were there to serve Plaintiff with a thirty (30) day restraining order.  The alleged restraining order was briefly shown to Plaintiff, while Defendant RAMIREZ held it in his hand. Defendant RAMIREZ kept the restraining order in his possession.

30.     Plaintiff was outside of her residence standing on the steps within the curtilage of her home as said Defendant officers spoke to her. Plaintiff was told by said Defendant officers that they had spoken to her fiancé before they arrived at the residence, who stated that Plaintiff allegedly threw a small trash can and assaulted him.  Said Defendant Officers claimed to have observed what appeared to be a "two (2) inch" scratch on the lower part of his left pectoral.  Plaintiff was shocked over the false statement and asked said Defendant Officers if he really did say that because that is not what happened at all. Said Defendant Officers stated that he did say that. The bruising from her fiancé hitting her was already apparent on Plaintiff's nose where her glasses rested when he had knocked them off of Plaintiff.  One of the arms on her eyeglasses were obviously broken beyond repair, but Plaintiff was wearing them in a broken condition because she is dependent upon them for clear vision.

31.     As Plaintiff was speaking to said Defendant Officers and each of them, about the incident within the curtilage of her residence, one of the Defendant Officers began to slowly move to Plaintiff's right side almost to the point of being behind Plaintiff. Without urgent necessity or warning, said Defendant Officers and each of them, in violation of clearly established law, California Penal Code Sections 240 and 242, intentionally grabbed, shoved and forcefully pushed Plaintiff DARBY down the steps within the curtilage and up against a fence, taking her down to the cement ground, against her will and consent. Said Defendant Officers and each of them, were on top of Plaintiff screaming at her to "stop resisting," which she was not. Plaintiff immediately began to cry

out in pain and responded "I'm not, I'm trying to get you off my fingers, I just had three
(3) pins surgically placed."

32.     Plaintiff was handcuffed and arrested for an alleged violation of California
Penal Code Section 273.5, a felony,  "willfully" inflicting corporal injury resulting in
"traumatic injury" and Section 148(a)(1), a misdemeanor, delaying/obstructing an
officer's investigation instead of receiving a restraining order at that time as represented.
At no time prior to her arrest was Plaintiff informed by Defendant Officers and each of
them, of the intention to arrest her, in violation of California Penal Code Section 841,
clearly established law.

33.     When said Defendant Officers came to the front door, they never asked
Plaintiff what happened, nor did they intend to objectively investigate. Instead,
Defendants and each of them intentionally misrepresented to Plaintiff that they were there
to serve a thirty (30) day restraining order on her and briefly showed her the document
while retaining possession of it, never serving her.  There were no exigent circumstances
or emergency requiring the detention and arrest of Plaintiff, without an arrest warrant,
nor to immediately serve Plaintiff with said restraining order. Plaintiff was alone at her
residence at all times herein alleged.

34.     Defendants and each of them, knew or should have known that there were
"insufficient grounds" for bringing a criminal complaint against Plaintiff,  pursuant to
California Penal Codes Section 849 (b)(1). Said Defendant police officers knew or should
have known that there were insufficient grounds to place Plaintiff under arrest for an
alleged violation of California Penal Code Section 273.5, pursuant to California Penal
Codes Section 849(b)(1), in that an alleged surface scratch which may have been
self-inflicted was clearly not as a result of "willfully" inflicted "traumatic injury." In order
to make an arrest, said Defendant police officers manufactured the appearance of
evidence to justify arresting Plaintiff for a violation of California Penal Code Section
148(a)(1), since there was insufficient evidence nor probable cause of a violation of
Section 273.5, a felony which did not take place requiring "willful" infliction of corporal

injury resulting in "traumatic injury," as required pursuant to California Penal Code Section 836, nor did said Defendant officers advise anyone including Plaintiff of how to make a "citizen's arrest" pursuant to Section 836(b). Plaintiff's fiancé was still away from the residence and not present during Plaintiff's arrest, nor did he make a citizen's arrest

35.    As a result of the actions of Defendants and each of them, Plaintiff sustained injuries both physically and psychologically from the unwarranted, unnecessary, and unreasonable excessive force and seizure of Plaintiff's person.  As the victim of the domestic violence that had just taken place earlier, before Defendants and each of them arrived, coupled with the actions of Defendants and each of them, when Plaintiff was read her Miranda rights, by said Defendant Officers and each of them, Plaintiff's response was "Yes I know my rights, I watch Law and Order." The use of force by said Defendants, and each of them, was unnecessary, unreasonable, and excessive under the circumstances in order to "serve" a restraining order on her, which was never served on her during the incident.

36.    Plaintiff was placed into the back of a marked Tustin P.D. vehicle and transported to the Orange County jail by Defendant Officer CAIZA.  Plaintiff was booked and processed into the Orange County jail for an alleged violation of California Penal Code Section 273.5 and Penal Code Section 148(a)(1). At no time did Plaintiff DARBY violate any of the charges that she was booked on or any other charges. Plaintiff remembers sitting at the glass, with the steel toilet behind her, and in complete shock as to what had just happened to her as the victim of the domestic violence. Plaintiff did not know who to call since she did not have access to her cell phone and did not know anyone's phone number.

37.    On May 3, 2020, Plaintiff's aunt called a friend of Plaintiff's to see if she had heard from Plaintiff as she was worried because Plaintiff never arrived at her house. On Monday morning, May 4, 2020, Plaintiff's friend contacted Plaintiff's fiancé in an attempt to locate her as they were worried because they were unable to reach her. Plaintiff's fiancé told her that she was in jail.  Plaintiff's aunt advanced and posted bail in

**Complaint for Damages**

1   order to get Plaintiff released from custody.

2       38.   On Monday, May 4, 2020, in the late afternoon, Plaintiff was released from

3   on bail in the amount of $50,000.00, from the Orange County Jail and provided with a

4   bond receipt which included a Notice to Appear for July 6, 2020, at 8:30 a.m. in Orange

5   County Superior Court - Central Justice Center for the alleged violation of Penal Code

6   Sections 273.5 and 148(A)(1).

7       39.   On May 4, 2020, when Plaintiff was released from Orange County Jail, she

8   was provided with an "Emergency Protective Order." Plaintiff was never served with the

9   thirty (30) day "restraining order" that said Defendant Officers said that they were there to

10  serve on Plaintiff when they came her residence on May 3, 2020. Defendant Officer

11  RAMIREZ applied for the Emergency Protective Order, (hereinafter referred to as the

12  "EPO"), which was Judicial Council Form EPO-001 pursuant to Family Code §§ 6240-

13  6275; Penal Code §646.91.  The EPO was signed by Judge Julian Fox on May 3, 2020, at

14  11:07 a.m., an hour after Plaintiff was unlawfully detained and unlawfully arrested at

15  10:03 a.m. by said Defendant Officers and each of them.  In the EPO, Plaintiff was

16  ordered to stay away at least 100 yards from her fiancé and stay away with nothing listed

17  from their shared residence which only listed the street name. By statute, the EPO expires

18  at the earlier of the close of judicial business on the fifth court day following the day it

19  was issued, or the seventh calendar day following the day of its issuance (California

20  Family Code Section 6256). In this instance, said Defendant Officer RAMIREZ crossed

21  off the statutory language and handwrote the date of  "06/01/2020 1700" which

22  unlawfully extended the time set by statute.  The Courthouse listed was Orange County

23  Superior Family/Juvenile Court, located at 341 City Drive, Orange, CA.  The EPO by

24  statute is intended to provide protection long enough for the requestor to file an

25  application for a Domestic Violence Restraining Order in court. No hearing was ever

26  scheduled and the EPO naturally dissolved. However, in the meantime, in compliance

27  with the EPO, Plaintiff was restrained from returning to her residence in order to secure

28

Complaint for Damages

her belongings to complete her moving out of said residence and had to make other arrangements.

40.     Upon Plaintiff's release from custody, Plaintiff sought treatment with her medical provider in order to examine and x-ray her finger that had the three (3) pins in it that caused her extreme pain during the unreasonable and excessive use of force conducted by Defendants and each of them..

41.     Plaintiff hired an attorney to appear on her behalf on July 6, 2020.  No criminal charges had been filed against Plaintiff for any alleged violation of the law.  To date, Plaintiff has never been charged with any offense related to alleged Penal Code Sections 273.5 and 148(a)(1), or any other charge.

42.     Plaintiff received a letter from the Tustin Police Department dated August 18, 2020, stating that "A review by the Orange County District Attorney's Office determined that there is insufficient evidence to pursue the charges below: Report Date: 05/03/2020; Charges(s): PC 273.5(a) Domestic Violence; PC 148(a)(1) Delaying/Obstructing Officers Investigation; Case Number:20-2399." The District Attorney refused the case for the following reason: "Lack Sufficient Evidence," signed by Tustin Police Department Captain Manny Arzate on behalf of the Chief of Police. Said letter should have, but failed, to include a "record of release," as required pursuant to California Penal Code Section 849.5 and a Certificate describing Plaintiff's arrest as merely a "detention."

43.     In addition, Plaintiff's arrest for an alleged felony violation of California Penal Code Section 273.5, "willfully" inflicting corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) is guilty of a felony, "willfully" inflicting corporal injury resulting in traumatic condition on another person is devastating to Plaintiff in that she is a government employee  and her position requires her to have security clearance. At the time of her arrest, Plaintiff suffered  a temporary loss of her classified status resulting in a restriction of duties, which could have resulted in her being terminated from her employment. Plaintiff has had to hire an attorney and has been

**Complaint for Damages**

1   financially burdened with the process of Petitioning the destruction of Plaintiff's record of

2   arrest pursuant to California Penal Code Section 851.8 since the Tustin Police

3   Department did not do so on Plaintiff's behalf and at their expense.  Until Plaintiff is

4   cleared pursuant to California Penal Code Section 851.8, she is at risk.

5       44.    Plaintiff's out of pocket expenses for the reimbursement of the bail bond

6   advanced by her aunt in the amount of $5,000.00.  In addition, she has paid attorney fees

7   in the amount of $7,500.00 for services alleged in ¶¶ 40-42 herein.

8       45.    Defendants NGUYEN, RAMIREZ, CAIZA and/or  DOES 1 through 10,

9   inclusive, physically grabbed, pushed, kneed, struck and assaulted Plaintiff with the intent

10  to physically detain and unlawfully arrest without any sufficient probable cause.  Said

11  Defendant Officers and each of them, were improperly trained and were not properly

12  instructed, supervised and/or controlled as to the use of force, arrest, and/or detention

13  procedures. The actions of said Defendant Officers and each of them, including DOES 1

14  through 10, inclusive, were unreasonable, unnecessary, excessive and without

15  provocation, resistance, or consent given on the part of Plaintiff, and done without prior

16  notice communicated to Plaintiff that it was about to occur. Defendants and each of them,

17  were not performing their duties, since there is no duty to use unreasonable and excessive

18  force to make an unlawful arrest.  Plaintiff had not in any way attempted to commit, nor

19  did he commit any crime, nor was he a threat to the safety of Defendants Officers, and

20  each of them, nor a threat to others.

21      46.    Said Defendants and each of them accosted Plaintiff at their whim,

22  exercised their police powers without reasonable suspicion or probable cause and acted

23  arbitrarily and capriciously, thereby violating their mandatory duty to follow established

24  law.

25      47.    Under California law the detention of Plaintiff could only be reasonable

26  under the Fourth Amendment if the detaining police officers could point to specific

27  articularly facts that, considered in light of the totality of the circumstances, provide some

28  objective manifestation that the Plaintiff who was detained my be involved in criminal

**Complaint for Damages**

1  activity, which is lacking herein, (*People v. Souza* (1994) 9 Cal.4th 224, 231.)

2       48.    Defendants and each of them, should know that under California law, a

3  person who does not resist arrest and is unlawfully detained is not guilty of resisting arrest

4  pursuant to Penal Code Section 148(a)(1). *Yount v. City of Sacramento* (2008) 43 Cal.4th

5  885, 894.  Said Defendant Officers  and each of them, had no duty to take illegal action

6  and were not engaged in 'duties,' for purposes of an offense defined in such terms

7  because their conduct was unlawful. Under California law, said Defendants and each of

8  them were not lawfully performing their duties when they detained Plaintiff without

9  reasonable suspicion and arrested Plaintiff without probable cause, (*Garcia v. Superior*

10  *Court* (2009) 177 Cal.App. 4th 803, 818-819).

11       49.    As alleged more fully below, the Municipal Defendants caused Plaintiff

12  DARBY's injuries through their policies, practices and/or customs that ratify TUSTIN

13  P.D. Police Officers abuse of police power and use of excessive force.  The Municipal

14  Defendants knew or should have known, that their Police Officers were not properly

15  trained and routinely abused their police power to detain, arrest and use excessive force.

16  Yet, the Municipal Defendants, not only failed to take the action necessary to prevent

17  reoccurrence of these violations, they made such violations foreseeable by condoning

18  their Police Officers abuse of power and excessive force.  Through these acts and

19  omissions, the Municipal Defendants proximately caused Plaintiff's injuries.

20       50.    As a legal, proximate and foreseeable result of their misconduct, violations,

21  and breaches of care they owed him, Defendants injured Plaintiff in his health, strength,

22  and activity by causing pain and physical injuries including, inter alia, a fracture to his

23  right wrist. Defendants, and each of them, also caused Plaintiff severe emotional distress,

24  mental suffering, annoyance, aggravation, embarrassment and inconvenience.  As a result

25  of these injuries, Plaintiff has suffered general damages in an amount to be proven at trial.

26       51.    On November 3, 2020, Plaintiff timely filed a governmental claim in

27  accordance with the California Government Code with the Defendant CITY OF TUSTIN

28  through the City Clerk's Office. The Claim was never formally rejected, other than by

**Complaint for Damages**

operation of law.  Plaintiff has satisfied all Government Code Claim filing requirements.

## FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]

### UNLAWFUL AND UNREASONABLE EXCESSIVE USE OF FORCE

(By Plaintiff Against Defendants And Each Of Them, As Applicable)

52.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 51, inclusive, above, as if set forth in full herein

53.     In the manner alleged more fully above, *supra* ¶¶26-50,  Defendants CITY and TUSTIN P.D. employed the individual Defendant Officers NGUYEN, RAMIREZ, CAIZA and DOES 1 through 10, inclusive, and provided them with the instruments identifying them as TUSTIN P.D. Police Officers acting under the color of law.

54.     At all material times, the Defendant Officers NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, acted under color and pretense of law, acted in concert with one another, and acted under color of the statutes, regulations, ordinances, customs, policies, processes and usages of Defendants CITY and TUSTIN P.D..  The Defendant Officers, separately and in concert, deprived Plaintiff DARBY of the privileges, rights and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

55.     In committing the acts alleged more fully above,  *supra* ¶¶26-50, the Defendant Officers, and each of them, violated Plaintiff DARBY's federally protected rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by:  (1) seizing her person without warrant or legal authority; (2) seizing him without probable cause or due process; (3) detaining him by using unauthorized and excessive physical force, intimidation and violence; (4) committing a battery against him by using unjustified, unreasonable and excessive force; 5) framing persons for crimes that they did not commit (to protect themselves from civil and/or criminal liability) and 6) covering-up misconduct by sworn peace officers against private persons; and 7) inflicting serious injuries.  The Defendant Officers ' violations give rise to Plaintiff DARBY's

**Complaint for Damages**

claims pursuant the Federal Civil Rights Act, 42 U.S.C. § 1983.

56.     The Defendant Officers ' use of excessive and deadly force was a substantial factor causing Plaintiff DARBY to suffer serious constitutional, physical and emotional injuries, including, without limitation: illegal invasion of her person; false arrest; pain and physical injury; humiliation, emotional pain and suffering

57.     The use of unnecessary, excessive, unlawful, unauthorized and unreasonable force by Defendants and each of them, was a substantial factor causing Plaintiff DARBY to suffer serious constitutional, physical and emotional injuries, including, without limitation: a fractured wrist, humiliation and emotional pain and suffering. Plaintiff claims general damages for such physical and mental distress in an amount to be proven at trial.

58.     As a direct and proximate result of actions and violations of Defendants and each of them, Plaintiff did incur, and will in the future continue incur, doctor, medical, psychiatric, pharmaceutical, vocational, counseling, and incidental expenses, in an amount to be proven at time of trial.

59.     As a result of the incident herein alleged and the injuries Defendants and each of them caused, Plaintiff  DARBY was unable to work.  Thus, Plaintiff lost, and will in the future lose, earnings and wages in an amount according to proof at trial.

60.     Additionally, Plaintiff incurred fees for investigations, expenses and other costs in the prosecution of the constitutional violations alleged herein.

61.     Plaintiff is entitled to prejudgment interest, on all ascertainable or readily ascertainable items from the date of such of financial loss, from the date of incurring such losses.

62.     Plaintiff DARBY is entitled to prejudgment interest, on all ascertainable or readily ascertainable items from the date of such of financial loss, from the date of incurring such losses.

63.     Defendants NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, committed the aforementioned acts in their individual capacities, but while

acting under color of law and official police authority. Defendant Officers and each of them, acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions and purposely with the intent to deprive Plaintiff of her federally protected rights and privileges.  The Defendant Officers did, in fact, violate Plaintiff DARBY's rights and privileges. As such the Defendant Officers ' actions were willful, wanton, malicious, oppressive, vexatious, deliberate, and their actions justify and award of exemplary and punitive damages in an amount to be ascertained according to proof at trial.

64.     Plaintiff DARBY is entitled to attorneys fees as provided in 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983

## UNLAWFUL SEIZURE OF PERSON

(By Plaintiff Against Defendants And Each Of Them, As Applicable)

65.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 64, inclusive, above, as if set forth in full herein.

66.     In the manner alleged more fully above, *supra* ¶¶ 26-50, Defendants CITY and TUSTIN P.D. employed Defendants NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, providing them with the instruments identifying them as TUSTIN P.D. Police Officers acting under the color of law.

67.     At all material times, Defendants NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, acted under color and pretense of law, acted in concert with one another, and acted under color of the statutes, regulations, ordinances, customs, policies, processes and usages of the Defendants CITY and TUSTIN P.D..  Said Defendant Officers and each of them, separately and in concert, deprived Plaintiff DARBY of the privileges, rights and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

**Complaint for Damages**

1

2      68.     In committing the acts alleged more fully above, the Defendants NGUYEN,

3  RAMIREZ, CAIZA and/or violated Plaintiff DARBY's federally protected rights under

4  the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by: (1)

5  seizing her person without warrant or legal authority; (2) seizing him without probable

6  cause or due process; (3) detaining him by using unauthorized and excessive physical

7  force, intimidation and violence; and (4) inflicting serious injuries.  The violations of

8  Defendant Officers and each of them, give rise to Plaintiff DARBY's claims pursuant the

9  Federal Civil Rights Act 42 U.S.C. § 1983.

10      69.      None of said Defendants NGUYEN, RAMIREZ, CAIZA and/or  DOES 1

11  through 10, inclusive, had a warrant for or regarding Plaintiff DARBY, nor reasonable

12  suspicion of criminality by Plaintiff, or probable cause to have believed that Plaintiff had

13  committed a crime in their presence, or otherwise.

14      70.     None of the Defendants NGUYEN, RAMIREZ, CAIZA and/or  DOES 1

15  through 10, inclusive, either believed, or reasonably could have believed, that Plaintiff

16  presented any threat to their safety or to that of others.

17      71.     The actions of Defendants NGUYEN,  RAMIREZ, CAIZA and/or  DOES 1

18  through 10, inclusive, constituted a violation of Plaintiff's rights under the Fourth and

19  Fourteenths Amendment to the United States Constitution to be free from an unlawful

20  and unreasonable seizure of their person. Said Defendants and each of them, are liable to

21  Plaintiff pursuant to Title 42 U.S.C. Section 1983 for depriving Plaintiff of her rights,

22  privileges and immunities secured by the Constitution.

23      72.     As a direct and proximate result of the actions of Defendants NGUYEN,

24  RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, Plaintiff was substantially

25  physically, mentally and emotionally injured, and plaintiff incurred and continues to incur

26  medical costs/bills and other special and general damages and expenses in an amount to

27  be ascertained according to proof at trial.

28      73.     The actions by Defendants NGUYEN, RAMIREZ, CAIZA and/or  DOES 1

**Complaint for Damages**

1   through 10, inclusive, were done maliciously and in reckless disregard of Plaintiff's

2   constitutional rights, sufficient for an award of punitive/exemplary damages against

3   defendants in an amount to be ascertained according to proof at trial against the

4   individual Defendant Officers only.

5         74.   Plaintiff DARBY is entitled to attorneys fees as provided in 42 U.S.C. §

6   1988.

7                         **THIRD CAUSE OF ACTION**

8               **VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]**

9            **UNCONSTITUTIONAL MUNICIPAL CUSTOMS AND POLICIES**

10              (By Plaintiff Against Defendants CITY and TUSTIN P.D.)

11        75.   Plaintiff hereby re-alleges and incorporates by reference the allegations set

12   forth in paragraphs 1 through 74, inclusive, above, as if set forth in full herein.

13        76.   As alleged more fully above *supra* ¶¶ 26-50, Defendant Officers and each

14   of them, along with Defendants CITY and TUSTIN P.D.  (1) unlawfully detained and

15   arrested Plaintiff without a warrant, probable cause or exigent circumstances; (2)  tackled

16   and assaulted Plaintiff DARBY using unprovoked and excessive force; in violation of her

17   Fourth, Fifth and Fourteenth Amendment rights.

18        77.   As alleged more fully above Defendants CITY and TUSTIN P.D.

19   maintained policies, practices and customs that condoned: (1) TUSTIN P.D. Officers'

20   unconstitutional use of unnecessary, unreasonable and unlawful excessive force; (2) the

21   TUSTIN P.D.'s culture that promoted Police Officers' use of excessive force to achieve

22   governmental and personal ends; and, (3) TUSTIN P.D. Officers' use of police power for

23   personal satisfaction.

24        78.   Defendants CITY and TUSTIN P.D. promoted their Officers' use of

25   excessive force, knew their culture allowing their Officers to use excessive force with

26   impunity and knew this culture of the TUSTIN P.D. Officers to use excessive force in

27   violation of third-parties' civil rights.  However, despite this knowledge, Defendants

28   CITY and TUSTIN P.D. failed to establish policies, procedures and training to eradicate

this culture.  By such failure, Defendants CITY and TUSTIN P.D. ratified their Officers' unconstitutional acts, including those of the Defendants NGUYEN, RAMIREZ, CAIZA and/or  DOES 1 through 10, inclusive.

79.   Defendants CITY and TUSTIN P.D., proximately caused Plaintiff's injuries by maintaining official policies, practices, procedures and/or tacit customs that ratified TUSTIN P.D. Officers' use of excessive force and use of police power for personal satisfaction and gain.

80.   Defendants CITY and TUSTIN P.D. knew TUSTIN P.D. Officers routinely used excessive force to achieve Defendants CITY and TUSTIN P.D. governmental objectives.  They also knew TUSTIN P.D. Officers routinely used their police power, including the power to use force, for personal satisfaction.  Defendants CITY and TUSTIN P.D. knew of this misconduct from: inter-agency audits, investigations and reports, police officer fitness reports, citizen complaints, notices of governmental claims and lawsuits alleging police misconduct claims, from these and other sources, Defendants CITY and TUSTIN P.D. knew a culture of violence permeated the TUSTIN P.D., knew this culture encouraged TUSTIN P.D. Officers use of excessive force and knew this culture dissuaded TUSTIN P.D. Officers from reporting uses of excessive force they witnessed.

81.   Defendants CITY and TUSTIN P.D. tacitly ratified the TUSTIN P.D.'s culture of violence and its encouragement of TUSTIN P.D. Officers' use of excessive force.  Despite knowing the TUSTIN P.D. Officers custom of civil rights violations, Defendants CITY and TUSTIN P.D.' failed to implement policies, practices and procedures that would:

1.   Identify TUSTIN P.D. Officers' uses of excessive force and the departmental custom ratifying such uses;

2.   Identify TUSTIN P.D. Officers' uses of unconstitutional searches, seizures and arrests and the departmental custom ratifying such uses; and,

3.   Identify TUSTIN P.D. Officers' uses of official police powers for personal

**Complaint for Damages**

1   benefit and the departmental custom ratifying such uses.

2       82.    The omissions of Defendants CITY and TUSTIN P.D. elevated the

3   TUSTIN P.D. Officers' use of excessive force, TUSTIN P.D. Officers' use of police

4   power for personal gain and the TUSTIN P.D.'s culture condoning such use to an official

5   custom of the CITY and TUSTIN P.D.. These Defendants and each of them, knew about,

6   but were deliberately indifferent to, the TUSTIN P.D. Officers' civil rights violations, the

7   injuries these violations caused members of the public and to their obligations to protect

8   the public from such injuries.  As a direct and proximate result of Defendants CITY and

9   TUSTIN P.D.'s omissions and failures to act, the TUSTIN P.D. Officers continued their

10   civil rights violations with impunity against Plaintiff and the public.

11       83.    Defendants CITY and TUSTIN P.D. hired, trained, supervised, employed or

12   managed the Defendant Officers  with conscious disregard of, and deliberate indifference

13   to, the constitutional rights of third parties.  Defendants CITY and TUSTIN P.D. knew, or

14   with reasonable prudence would have known, each of the Defendant Officers  were

15   dangerous and violent employees, prone to use unnecessary, unreasonable or unlawful

16   force.

17       84.    Defendants CITY and TUSTIN P.D. failed to scrutinize adequately the

18   Defendant  Officers' personal backgrounds and personality profiles. Adequate scrutiny of

19   these Defendant Officers' backgrounds would have revealed that each of them had

20   backgrounds and personality traits demonstrating mendacity, poor judgment and

21   propensities for abusive and excessively violent conduct.  Adequate scrutiny would have

22   led reasonably prudent employers and policymakers to conclude the hiring of these

23   Defendants Officers would cause the violation of one or more third-party's Fourth

24   Amendment rights to be free from unreasonable searches, seizures and uses of excessive

25   force.  Adequate scrutiny would have shown these Defendants Officers  were ill-suited

26   for police work because of their tendencies to abuse police powers were foreseeable.  For

27   these reasons, the Defendant Officers' misconduct, alleged herein, was reasonably

28   foreseeable to Defendants CITY and TUSTIN P.D.

85.     By knowingly failing to screen and remove persons having such traits from their pool of police candidates, Defendants CITY and TUSTIN P.D. affirmatively condoned and ratified these deviant behaviors and the police misconduct they would inevitably produce.  Defendants CITY and TUSTIN P.D. were deliberately indifferent to Plaintiff's federally protected rights when they hired the Defendant Officers  onto their police force.

86.     Defendants CITY and TUSTIN P.D. failed to scrutinize adequately the Defendant Officers' on-the-job performance that showed their disregard of public members' civil rights.  Adequate job performance scrutiny would have revealed the Defendant Officers ' histories of excessive force and their propensities to violate third-parties' civil rights.  This information would have caused reasonably prudent employers to conclude that retention of the Defendant Officers  would subject third-parties' to excessive force in the future.

87.     Defendants CITY and TUSTIN P.D. were deliberately indifferent to Plaintiff's federally protected rights when they retained the Defendant Officers despite job performance records documenting their propensities for violence.  The Defendant Officers histories of abusing police power made their violations of Plaintiff's civil rights both foreseeable and inevitable.

88.     Defendants CITY and TUSTIN P.D. have taken no steps to halt the Defendant Officers ' civil rights violations and other misconduct.  Defendants CITY and TUSTIN P.D. refused to act despite knowing their employees and agents were carrying out these illegal policies, practices, procedures and customs and were violating residents' civil rights.  Defendants CITY and TUSTIN P.D.' failure to implement policies, practices or procedures to punish, discipline or terminate reprobate TUSTIN P.D. Officers who violate citizen's civil rights was a substantial factor causing Plaintiff's  injuries.  Alternatively, if sufficient policies, practices or procedures did exist, these CITY and TUSTIN P.D. failed to use, exercise or follow them and such failure was a substantial

1  factor causing Plaintiff's injuries.

2      89.    Defendants CITY and TUSTIN P.D. failed to provide the Defendant

3  Officers  sufficient training and supervision regarding: the constitutional limitations

4  restricting police entry into a home or residence, the constitutional requirements for - and

5  limitations on - a lawful arrest, the existence of and absence of probable cause, the

6  existence and absence of exigent circumstances, the constitutional restrictions limiting the

7  lawful use of force, the constitutional limitations restricting the lawful restraint and

8  detention of individuals and the obligation to report civil rights violations by other

9  TUSTIN P.D. Officers for investigation. Defendants CITY and TUSTIN P.D.' failure to

10  provide TUSTIN P.D. Officers the primary academy training and the supplemental (post

11  academy) training necessary to preclude the misconduct, alleged above, was a substantial

12  factor causing Plaintiff's injuries.

13      90.    Defendants CITY and TUSTIN P.D. knowingly failed to train TUSTIN

14  P.D. Officers generally, and the Defendant Officers specifically, in their obligation to

15  protect detainees from other Officers' uses of excessive force.  Defendants CITY and

16  TUSTIN P.D. failed to implement policies, practices or procedures that would have

17  identified specific TUSTIN P.D. Officers' needs for supplemental or remedial training in

18  the areas of unlawful search, seizure and excessive force.  Alternatively, if sufficient

19  policies, practices or procedures did exist, Defendants CITY and TUSTIN P.D. failed to

20  follow, implement or use them and such failure was a substantial factor causing

21  Plaintiff's injuries.

22      91.    As alleged more fully above, the Defendants CITY and TUSTIN P.D. knew

23  the TUSTIN P.D. Officers excessive force culture rendered the training they did provide

24  TUSTIN P.D. Officer ineffective to protect third-parties from unlawful detainment,

25  unreasonable seizures and excessive uses of force.  Consequently, Defendants CITY and

26  TUSTIN P.D. knew, or should have known, they needed to increase and improve the

27  training they provided to TUSTIN P.D. Officers generally, and the Defendant Officers

28  and each of them specifically, in the lawful use of force and their obligation to report

**Complaint for Damages**

1   fellow Officers use of excessive force.  However, despite this knowledge, the Defendants

2   CITY and TUSTIN P.D. failed to provide the training necessary to eradicate the TUSTIN

3   P.D. Officers excessive force culture, eradicate the TUSTIN P.D. Officers routine use of

4   excessive force  By such failure Defendants CITY and TUSTIN P.D. ratified their

5   Officers' disregard, and the disregard, of constitutional restrictions on police action and

6   protections against uses of excessive force.

7        92.    As alleged more fully above Defendants CITY and TUSTIN P.D. failed to

8   screen prospective police applicants adequately before hiring them as TUSTIN P.D.

9   Officers.  Moreover, Defendants CITY and TUSTIN P.D. failed to conduct adequate

10  post-employment screening of its TUSTIN P.D. Officers.  Defendants CITY and TUSTIN

11  P.D. failure to conduct adequate pre-employment and post-employment screening caused

12  them to higher and retain individuals, including the Defendant Officers,  prone to using

13  police power for personal satisfaction and prone to use excessive force and prone to

14  disregarding the constitutional limits restricting police power.  Based on internal and

15  external audits, citizen complaints, notices of governmental claims and civil rights

16  lawsuits, Defendants CITY and TUSTIN P.D. knew they needed to improve their pre and

17  post employment screening to exclude candidates and employees prone to these

18  violations.

19       93.    Although they knew, or should have known, their TUSTIN P.D. Officers

20  and the Defendants NGUYEN, RAMIREZ, CAIZA and/or  DOES 1 through 10,

21  inclusive,  conducted these acts, omissions, decisions, practices, customs and policies,

22  both formal and informal, and knew their Department and Officers were violating third-

23  parties' civil rights, Defendants CITY and TUSTIN P.D. have taken no steps to stop this

24  course of conduct.  Defendants CITY and TUSTIN P.D. ratified these violations by

25  knowingly refusing to take corrective action, thereby elevating these violations to being

26  the policies, practices or customs of Defendants CITY and TUSTIN P.D..

27       94.    Defendants CITY and TUSTIN P.D. were deliberately indifferent to their

28  Officers' abuse of police power, uses of excessive force and the injuries they caused

**Complaint for Damages**

third-parties, including the Defendants NGUYEN, RAMIREZ, CAIZA and/or  DOES 1 through 10, inclusive, use of excessive force against Plaintiff DARBY and the injuries they caused her.  Moreover, Defendants CITY and TUSTIN P.D. failed to take any disciplinary action whatsoever against the Defendant Officers  for these injuries and violations.  Defendants CITY and TUSTIN P.D. knowing failure to implement corrective polices, practices, procedures, training and adequate screening were substantial factors in proximately causing the physical injuries, emotional trauma and civil rights violations the Defendant Officers  inflicted on Plaintiff.

95.    The details of this incident and the Defendants NGUYEN, RAMIREZ, CAIZA and/or  DOES 1 through 10, inclusive, misconduct have been revealed to Defendants CITY and TUSTIN P.D. authorized policymaker(s) as alleged more fully above.  As such, these policymakers had direct knowledge of the Defendant Officers' battery inflicted on Plaintiff DARBY and violation of Plaintiff's civil rights, which Defendants CITY and TUSTIN P.D. approved and endorsed.  By doing so, Defendants CITY and TUSTIN P.D. authorized policymakers ratified the Defendant Officers' unconstitutional acts, their unconstitutional use of excessive force and the injuries they caused Plaintiff.

96.    In committing the acts set forth above, Defendants CITY and TUSTIN P.D. violated Plaintiff's federally protected rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Defendants CITY and TUSTIN P.D. violations give rise to Plaintiff's claims pursuant the Federal Civil Rights Act, 42 U.S.C. § 1983.

97.    Defendants CITY and TUSTIN P.D. policies, practices, procedures and customs were substantial factors causing Plaintiff, and each of them, serious constitutional, physical and emotional injuries, including, without limitation:  battery, false arrest and imprisonment, humiliation and emotional pain and suffering, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension. Plaintiff claims general damages for such physical and mental distress

in an amount to be proven at trial.

98.    As a direct and proximate result of Defendants CITY and TUSTIN P.D. violations, Plaintiff did, and will in the future continue, incur medical, psychiatric, pharmaceutical and incidental expenses, in an amount to be proven at time of trial.

99.    Plaintiff incurred fees for investigations, expenses and other costs in the prosecution of the constitutional violations alleged herein.

100.    Plaintiff is entitled to prejudgment interest, on all ascertainable or readily ascertainable items from the date of such of financial loss, from the date of incurring such losses.

101.    Plaintiff is entitled to attorneys fees as provided in 42 U.S.C. § 1988.

### FOURTH CAUSE OF ACTION

### ASSAULT AND BATTERY - Under California State Law

(By Plaintiff Against Defendants And Each Of Them)

102.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 101, inclusive, above, as if set forth in full herein.

103.    Defendants  NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through10, inclusive, used unlawful, unreasonable and excessive force to detain Plaintiff DARBY while working within the course and scope of their employment by Defendant CITY and TUSTIN P.D..

104.    In the manner alleged more fully above, *supra* ¶¶ 26-50, Defendants NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through10, inclusive,  intentionally touched Plaintiff DARBY without consent,  a warrant, probable cause, or exigent circumstances.  Plaintiff DARBY had committed no crime or public offense that would have authorized the Defendant Officers' use of force against him.

105.    Plaintiff DARBY never consented to Defendants NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through10, inclusive, touching nor did he consent to these Defendant Officers use of force against him.  The Defendant Officers actions constituted an unlawful touching of  Plaintiff DARBY without consent that placed him in imminent

–29–

**Complaint for Damages**

1    fear of bodily injury.

2        106.    The Defendant Officers' use of unlawful, unreasonable and excessive force

3    was a substantial factor in causing Plaintiff DARBY to suffer serious constitutional,

4    physical and emotional injuries, including, without limitation: false arrest and

5    imprisonment, pain and physical injury, humiliation and emotional pain and suffering.

6        107.    Plaintiff DARBY claims general damages for such physical and mental

7    distress in an amount to be proven at trial.

8        108.    As a direct and proximate result of the Defendant Officers' violations,

9    Plaintiff DARBY did, and will in the future, incur medical, psychiatric, pharmaceutical

10   and incidental expenses in an amount to be proven at time of trial.

11       109.    Plaintiff incurred fees for investigations, expenses and other costs in the

12   prosecution of the constitutional violations alleged herein.

13       110.    Plaintiff DARBY is entitled to prejudgment interest, on all ascertainable or

14   readily ascertainable items from the date of such of financial loss, from the date of

15   incurring such losses.

16       111.    The Defendant Officers  committed the aforementioned acts in their

17   individual capacities, but while acting under color of law and official police authority.

18   Defendants  NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through10, inclusive, acted

19   willfully, knowingly and with reckless disregard and deliberate indifference to the known

20   consequences of their acts and omissions and purposely with the intent to deprive

21   Plaintiff DARBY of her federally protected rights and privileges.  The Defendant

22   Officers did, in fact, violate Plaintiff DARBY's rights and privileges.  As such the

23   Defendant Officers' actions were willful, wanton, malicious, oppressive, vexatious,

24   deliberate, and their actions justify and award of exemplary and punitive damages in an

25   amount to be ascertained according to proof at trial.

26

27

28

**Complaint for Damages**

## FIFTH CAUSE OF ACTION

### FALSE ARREST/FALSE IMPRISONMENT

#### Under California State Law

(By Plaintiff Against Defendants And Each Of Them)

112.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 111, inclusive, above, as if set forth in full herein.

113.    In the manner alleged more fully above, *supra* ¶¶ 26-50, Defendants NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, falsely imprisoned Plaintiff when they detained and otherwise restrained her freedom of movement without consent,  without a warrant, without cause and without any legal authority.

114.    Defendants NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, deprived Plaintiff of her freedom of movement by use of threats of force and coercion directed at him.  In addition to threats and coercion, Defendants  NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, detained Plaintiff MELISSA DARBY, by use of physical force and physical restraints. Defendants  NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, confined Plaintiff without consent, a warrant or due process, without legal cause and without any exigent circumstances. Thereafter, members of Defendants CITY and TUSTIN P.D., whose names are presently unknown to Plaintiff, continued the detention of Plaintiff initiated by Defendants  NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive . Said Defendant Officers detained Plaintiff, when they knew, or with reasonable prudence would have known, they lacked consent, cause, process or justification for the detention.

115.    At no time did Plaintiff consent to Defendant Officers confinement, and Plaintiff was harmed thereby.

116.    Defendant Officers wrongful conduct was a substantial factor in causing Plaintiff serious constitutional, physical and emotional injuries, including, without limitation: false arrest and imprisonment, physical pain, humiliation and emotional pain and suffering.

117.    Plaintiff claims general damages for such physical and mental distress in an amount to be proven at trial.

118.    As a direct and proximate result of the Defendant Officers' violations, Plaintiff did, and will in the future, incur medical, psychiatric, pharmaceutical and incidental expenses, in an amount to be proven at trial.

119.    Plaintiff incurred fees for investigations, expenses and other costs in the prosecution of the constitutional violations alleged herein.

120.    Plaintiff is entitled to prejudgment interest, on all ascertainable or readily ascertainable items from the date of such of financial loss, from the date of incurring such losses.

121.    Defendant Officers committed the aforementioned acts in their individual capacities, but while acting under color of law and official law enforcement  authority. Each Defendant Deputy acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions. The Defendant Officers acted with the intent to deprive Plaintiff of her federally protected rights and privileges that these Defendant Officers did in fact violate. Defendant Officers actions were willful, wanton, malicious, oppressive, vexatious, deliberate, and their actions justify and award of exemplary and punitive damages in an amount to be ascertained according to proof at trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE - Under California State Law

(By  Plaintiff Against Defendants And Each Of Them)

122.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 121, inclusive, above, as if set forth in full herein.

123.    As alleged more fully above, *supra* ¶¶ 26-50,  Defendants NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, negligently grabbed, pushed, kneed, abused, struck, assaulted, tackled, battered and beat  Plaintiff DARBY and then detained and unnecessarily restrained and arrested Plaintiff.  Defendants and each of

them, committed the aforementioned acts in their individual capacities, but while acting under color of law and official police authority. Defendant Officers acted negligently with reckless disregard to the known consequences of their acts and omissions. Plaintiff had to be removed from the location by Paramedics and was taken directly to Mission Hospital where he received  treatment of her injuries sustained as a result of the negligence alleged herein.

124.    Plaintiff did not contribute  to any of the injurious conduct by the Defendants and each of them as above-described.

125.    Defendants and each of them are liable to Plaintiff for said negligence, pursuant to Cal. Gov't Code §§ 815.2(a), 820(a) and otherwise pursuant to the common-law.  Said Defendants and each of them can be sued pursuant to Cal. Gov't Code § 945.

126.    Plaintiff DARBY claims general damages for such physical and mental distress in an amount to be proven at trial.

127.    As a direct and proximate result of the violations of Defendants and each of them, Plaintiff DARBY did and will in the future, incur medical, pharmaceutical and incidental expenses, in an amount to be proven at trial.

128.    Plaintiff DARBY incurred fees for investigations, expenses and other costs in the prosecution of the constitutional violations alleged herein.

129.    Plaintiff DARBY is entitled to prejudgment interest, on all ascertainable or readily ascertainable items from the date of such of financial loss, from the date of incurring such losses.

## SEVENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF  EMOTIONAL DISTRESS -

### Under California State Law

(By Plaintiff Against Defendants And Each Of Them)

130.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 129, inclusive, above, as if set forth in full herein.

**Complaint for Damages**

131.    The wrongful conduct by Defendants and each of them, alleged more fully above, *supra* ¶¶ 26-50 was a substantial factor that caused Plaintiff serious emotional injuries including suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension.

132.    Plaintiff is entitled to general damages for such emotional distress in an amount to be proven at trial.

133.    As a direct and proximate result of the violations of Defendants and each of them, Plaintiff did, and will in the future, incur medical, psychiatric, pharmaceutical and incidental expenses in an amount to be proven at trial.

134.    Plaintiff incurred fees for investigations, expenses and other costs in the prosecution of the constitutional violations alleged herein.

135.    Plaintiff is entitled to prejudgment interest, on all ascertainable or readily ascertainable items from the date of such of financial loss, from the date of incurring such losses.

136.    The Defendant Officers committed the aforementioned acts in their individual capacities, but while acting under color of law and official police authority. Defendant Officers and each of them acted negligently and with reckless disregard of the consequences of their acts and omissions.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-

### Under California State Law

(By Plaintiff Against Defendants And Each Of Them)

137.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 136, inclusive, as if set forth in full herein.

138.    While in the course and cope of their employment by Defendants CITY, Defendant Officers NGUYEN, RAMIREZ, CAIZA and/or DOES 1 through 10, inclusive, engaged in outrageous conduct, as alleged more fully above, *supra* ¶¶ 26-50, intended to cause Plaintiff serious injury when they used unreasonable and excessive force against

Plaintiff DARBY without provocation or justification.

139.   In the manner alleged more fully above, Defendant Officers NGUYEN, RAMIREZ, CAIZA and DOES 1 through 10, inclusive, grabbed, pushed, kneed, struck, assaulted, tackled, battered and beat Plaintiff DARBY in disregard to her pleas for them to stop and in disregard of the probability that their excessive force would cause him serious emotional, psychological and physical distress.

140.   The acts, omissions, customs, practices, policies and decisions of the Defendant Officers, and each of them, were substantial factors that caused Plaintiff serious emotional injuries including suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension.  Plaintiff is entitled to general damages for such emotional distress in an amount to be proven at trial.

141.   As a direct and proximate result of the Defendant Officers' violations, Plaintiff did incur, and will in the future, incur medical, psychiatric, pharmaceutical and incidental expenses, in an amount to be proven at time of trial.

142.   Plaintiff incurred fees for investigations, expenses and other costs in the prosecution of the constitutional violations alleged herein.

143.   Plaintiff is entitled to prejudgment interest, on all ascertainable or readily ascertainable items from the date of such of financial loss, from the date of incurring such losses.

144.   The Defendant Officers committed the aforementioned acts in their individual capacities, but while acting under color of law and official police authority.  Defendant Officers and each of them, acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions and purposely with the intent to deprive Plaintiff of her federally protected rights and privileges.  The Defendant Officers did, in fact, violate Plaintiff's rights and privileges. As such the Defendant Officers' actions were willful, wanton, malicious, oppressive, vexatious, deliberate, and their actions justify and award of exemplary and punitive damages in an amount to be ascertained according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests monetary damages and other relief against Defendants and each of them as follows:

1.    For general damages in an amount to be determined according to proof at trial;

2.    For special damages, including lost earnings, medical and related expenses, according to proof at trial;

3.    For costs of suit incurred herein;

4.    For punitive damages as applicable against each individual Defendant in an amount to be determined according to proof at trial;

5.    Attorneys' fees, investigation fees and expert witnesses' fees incurred herein as applicable pursuant to 42 U.S.C. 1988(b); and

6.    Such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

DATED: May 6, 2021                    _/S/ John R. Cogorno_____
                                      JOHN R. COGORNO, Attorney for
                                      Plaintiff MELISSA DARBY

Complaint for Damages